**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Will G. Russell,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>City of Chandler, an Arizona Municipal Corporation; Dale Walters, a married man,<br><br>　　　　Defendants. | No. CV05-4232-PHX-DGC<br><br>**ORDER** |

Pending before the Court is Plaintiff's motion to withdraw admissions pursuant to Rule 36(b) of the Federal Rules of Civil Procedure. Dkt. #33. For the reasons set forth below, the Court will grant the motion. Plaintiff shall have 15 days from the date of this order to respond to Defendants' request for admissions.

**I.    Background.**

Defendants served a request for admissions on October 10, 2006. Dkt. #33 at 1. Plaintiff failed to respond within the required thirty days. *Id*. On November 14, 2006, the day after the response was due, Plaintiff requested an extension of the deadline. Defendants refused. Dkt. #38 at 4. Defendants informed Plaintiff in a November 28, 2006 letter that the requests were deemed admitted pursuant to Rule 36(b). *Id*. On December 22, 2006, Plaintiff filed this motion. Dkt. #33.

/ / /

**II.    Legal Standard.**

> Any matter admitted under this rule is conclusively established unless the court on motion permits withdrawal or amendment of the admission. . . . [T]he court may permit withdrawal or amendment when the presentation of the merits of the action will be subserved thereby and the party who obtained the admission fails to satisfy the court that withdrawal or amendment will prejudice that party in maintaining the action or defense on the merits.

Fed. R. Civ. Proc. 36(b).  The rule serves two purposes: "truth-seeking in litigation and efficiency in dispensing justice." *Conlon v. United States,* 474 F.3d 616, 622 (9th Cir. 2007).

**III.    Analysis.**

   **A.    Subserving Presentation of the Merits.**

"The first prong of this test . . . essentially asks if allowing the withdrawal will aid in the resolution of the case." *Gallegos v. City of Los Angeles*, 308 F.3d 987, 993 (9th Cir. 2002).  Substantive answers are more likely to reflect the truth than admissions gained by default.  Granting a withdrawal of the admissions will therefore promote truth-seeking and subserve presentation of the merits.

   **B.    Prejudice to Defendants.**

"The prejudice contemplated by Rule 36(b) . . . 'relates to the difficulty a party may face in proving its case, e.g., caused by . . . the sudden need to obtain evidence' with respect to the questions previously deemed admitted." *Conlon,* 474 F.3d at 622 (quoting *Hadley v. United States*, 45 F.3d 1345, 1348 (9th Cir. 1995)).  Defendants argue that they will be prejudiced because they have only a short time to conduct sufficient discovery prior to the Court's discovery deadline, including deposing Plaintiff, identifying and locating people in the photographs referenced in the request for admissions, and interviewing Plaintiff's co-workers.  These difficulties, however, do not rise to the level of prejudice required by courts in refusing withdrawal of defaulted admissions.  *See, e.g., 999 v. C.I.T. Corp.*, 776 F.2d 866, 869 (9th Cir. 1985) (prejudice found where motion to withdraw was brought in the middle of trial after party, which had relied heavily on the admissions, had nearly rested its case); *Conlon*, 474 F.3d at 624 (prejudice found where the motion to withdraw was made after discovery had closed and trial was eight days away); *Hadley*, 45 F.3d at 1349 (insufficient

- 2 -

prejudice where the government failed to address several issues during deposition in reliance on the admissions); *Sonoda v. Cabrera,* 255 F.3d 1035, 1041 (9th Cir. 2001) (insufficient prejudice where the motion was made before trial and the party could adequately present its evidence).

The Court will entertain a request from Defendants to extend the discovery schedule 2-3 months. If Defendants desire such an extension and the parties agree upon a new deadline, a stipulation referring to this order should filed with the Court. If the parties cannot agree, they should arrange a conference call with the Court.

**IT IS ORDERED:**

1. Plaintiff's motion to withdraw admissions (Dkt. # 33) is **granted**.
2. Plaintiff shall respond to the request for admission within 15 days of this order.

DATED this 19th day of March, 2007.

_____
David G. Campbell
United States District Judge