**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

|  |  |
|---|---|
| Will G. Russell,<br><br>  Plaintiff,<br><br>vs.<br><br>City of Chandler, an Arizona municipal corporation, and Dale Walters, a married man,<br><br>  Defendants. | No. CV-05-4232 PHX-DGC<br><br>**ORDER** |

Plaintiff, a Native American, brought this action against Defendants the City of Chandler (Plaintiff's former employer) and Dale Walters (his former supervisor) for racial harassment, racial discrimination, and retaliation in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"); violation of 42 U.S.C. §§ 1981, 1983; and conspiracy to interfere with his civil rights in violation of 42 U.S.C. § 1985. Dkt. #1. Defendants filed a motion for summary judgment and, when Plaintiff did not respond, a motion for summary disposition. Dkt. ## 62, 64. Plaintiff has not responded to either motion. The Court will grant Defendants' motion for summary judgment and deny as moot Defendants' motion for summary disposition.[1]

---

[1] Defendants' request for oral argument is denied because Defendants have thoroughly discussed the law and evidence and will not suffer unfair prejudice in the absence of oral argument. *See Mahon v. Credit Bureau of Placer County Inc.*, 171 F.3d 1197, 1200-01 (9th. Cir. 1999).

**I.      Relationship Between Local Rule 7.2(i) and Federal Rule 56.**

Under this Court's Local Rules, the Court may deem a party's failure to respond to a motion as a consent to the granting of the motion:

> If a motion [or opposition] does not conform in all substantial respects with the requirements of this Rule, or if the unrepresented party or counsel does not serve and file the required answering memoranda . . . such non-compliance may be deemed a consent to the . . . granting of the motion and the Court may dispose of the motion summarily.

LRCiv 7.2(i).

The Ninth Circuit has held, however, that "a nonmoving party's failure to comply with local rules does not excuse the moving party's affirmative duty under Rule 56 [of the Federal Rules] to demonstrate its entitlement to judgment as a matter of law." *Martinez v. Stanford*, 323 F.3d 1178, 1182 (9th Cir. 2003) (citing Fed. R. Civ. P. 56); *see also Henry v. Gill*, 983 F.2d 943, 950 (9th Cir. 1993) ("A local rule that requires the entry of summary judgment simply because no papers opposing the motion are filed or served, and without regard to whether genuine issues of material fact exist, would be inconsistent with Rule 56[.]"); *Marshall v. Gates*, 44 F.3d 722, 725 (9th Cir. 1995) ("a motion for summary judgment cannot be granted simply because the opposing party violated a local rule.") (citing *Henry*). The Court therefore must determine whether summary judgment is appropriate even though Plaintiff has not submitted a response. *See* Fed. R. Civ. P. 56(e) ("If the adverse party does not so respond [to a motion for summary judgment], summary judgment, *if appropriate*, shall be entered against the adverse party.") (emphasis added).

**II.     Discussion.**

      **A.      Title VII.**

            **1.      Hostile Work Environment.**

"To prevail on a hostile workplace claim premised on . . . race . . . , a plaintiff must show: (1) that he was subjected to verbal or physical conduct of a racial . . . nature; (2) that the conduct was unwelcome; and (3) that the conduct was sufficiently severe or pervasive to alter the conditions of the plaintiff's employment and create an abusive work environment." *Vasquez v. County of Los Angeles*, 349 F.3d 634, 642 (9th Cir. 2003).

Plaintiff alleges in his complaint that a "racially hostile environment existed . . . which included (among other things) racist jokes and derogatory comments from his direct supervisor and others." Dkt. #1 ¶ 11. Plaintiff further claims that he was "subjected to a racially hostile . . . work environment at all times material to this Complaint." *Id*. ¶ 10.

Plaintiff resigned from the City of Chandler's employment in June 2004. *Id.* ¶ 20. There is no evidence, however, that any jokes or comments related to Plaintiff's race occurred after July 2002. In deposition testimony, Plaintiff acknowledged that the last negative reference to his race took place "back around July 2002"; Plaintiff was unable to identify comments made thereafter. Dkt. #63, Ex.2(C) 372:21-374:11. Thus, there is no evidence that a hostile work environment existed after July 2002. *See Hardage v. CBS Broadcasting, Inc.*, 427 F.3d 1177, 1184-85 (9th Cir. 2005) (noting that a hostile work environment ceased when the last inappropriate sexual comments or advances were made).

Title VII required Plaintiff to file a charge of discrimination with the EEOC within 300 days of the discriminatory act. 42 U.S.C. § 2000e-5(e)(1). The hostile work environment ended in July 2002. Plaintiff did not file a charge with the EEOC until seventeen months later, on December 16, 2003. Dkt. #63 Ex. 1(E). Plaintiff's hostile work environment claim is therefore time barred.

### 2. Constructive Discharge.

"[C]onstructive discharge occurs when the working conditions deteriorate, as a result of discrimination, to the point that they become sufficiently extraordinary and egregious to overcome the normal motivation of a competent, diligent, and reasonable employee to remain on the job to earn a livelihood and to serve his or her employer." *Brooks v. City of San Mateo*, 229 F.3d 917, 930 (9th Cir. 2000) (internal citation and quotation marks omitted). The Ninth Circuit has stated that this is a particularly demanding standard. *See Poland v. Chertoff*, 494 F.3d 1174, 1184 (9th Cir. 2007) ("We set the bar high for a claim of constructive discharge because federal antidiscrimination policies are better served when the employee and employer attack discrimination within their existing employment relationship, rather than when the employee walks away and then later litigates whether his employment

1  situation was intolerable.").

2  As noted above, racial comments ceased in approximately July 2002, almost two years
3  before Plaintiff resigned.  Between July 2002 and the date of resignation, Plaintiff's
4  relationship with the City of Chandler was problematic.  Plaintiff was reassigned to another
5  position, received a letter of admonishment, and was placed on probation.  Dkt. #63 ¶¶ 11,
6  21, 29.  The record does not suggest that these actions occurred because of Plaintiff's race.
7  *See Brooks*, 229 F.3d at 930 (noting that constructive discharge must occur "as a result of
8  discrimination").  In fact, Defendants have presented undisputed evidence that the reasons
9  for the actions were not related to race.  Dkt. #63 ¶¶ 11, 21, 26.  The Court finds no evidence
10 from which a reasonable jury could conclude that Plaintiff was compelled to resign by racial
11 discrimination.

12             **3.     Retaliation.**

13 "To make out a prima facie case of retaliation, [Plaintiff] must show that (1) he
14 engaged in a protected activity. . . ; (2) [Defendant-employer] subjected him to an adverse
15 employment action; and (3) a causal link exists between the protected activity and the
16 adverse action." *Hardage*, 427 F.3d at 1188.  "If a plaintiff has asserted a prima facie
17 retaliation claim, the burden shifts to the defendant to articulate a legitimate
18 nondiscriminatory reason for its decision.  If the defendant articulates such a reason, the
19 plaintiff bears the ultimate burden of demonstrating that the reason was merely a pretext for
20 a discriminatory motive." *Ray v. Henderson*, 217 F.3d 1234, 1240 (9th Cir. 2000) (citations
21 omitted).

22 Plaintiff claims that he was retaliated against for complaining of discrimination.  Dkt.
23 #1 ¶ 18.  The record does not indicate, however, that any adverse employment actions
24 following his complaints were motivated by racial animus directed towards Plaintiff.
25 Defendant has proffered evidence that adverse employment actions were performance-based.
26 *See e.g.* Dkt. #63 ¶ 26.  Plaintiff has offered no evidence of pretext.

27 To the extent Plaintiff's complaint may be construed as a claim of disparate treatment
28 under Title VII, Plaintiff has not presented evidence that similarly situated non-Native

- 4 -

Americans were treated more favorably, or that Defendants' non-discriminatory reasons for the adverse actions were pretextual. *See McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973). The Court will grant summary judgment to Defendants on all claims arising under Title VII.

### B.   42 U.S.C. §§ 1981, 1983.

In light of the Court's analysis of Plaintiff's contentions that Defendants violated Title VII, Plaintiff's claims of a deprivation of civil rights under 42 U.S.C. §§ 1981, 1983 also cannot survive summary judgment. *See Keyser v. Sacramento City Unified Sch. Dist.*, 265 F.3d 741, 754-55 (9th Cir. 2001) (affirming summary judgment for defendants upon an application of the Title VII burden-shifting framework to a § 1983 claim); *Federal Deposit Ins. Corp. v. Henderson*, 940 F.2d 465, 473-74 (9th Cir. 1991) (same); *Fonseca v. Sysco Food Services of Arizona, Inc.*, 374 F.3d 840, 850 (9th Cir. 2004) ("Analysis of an employment discrimination claim under § 1981 follows the same legal principles as those applicable in a Title VII disparate treatment case.") (citing *Manatt v. Bank of Am., NA*, 339 F.3d 792, 797-98 (9th Cir. 2003)).

Moreover, with respect to Defendant City of Chandler, "a municipality can be found liable under § 1983 only where the municipality *itself* causes the constitutional violation at issue." *City of Canton v. Harris*, 489 U.S. 378, 1203 (1989) (citing *Monell v. N.Y. City Dep't of Soc. Servs.*, 436 U.S. 658, 694-95 (1978) (emphasis in original)). "[I]t is not enough for a § 1983 plaintiff merely to identify conduct properly attributable to the municipality. The plaintiff must also demonstrate that, through its *deliberate* conduct, the municipality was the 'moving force' behind the injury alleged." *Bd. of County Comm'rs of Bryan County v. Brown*, 520 U.S. 397, 404 (1997) (emphasis in original). Here, there is no evidence that Defendant City of Chandler itself was the moving force behind the alleged adverse employment actions. As a result, municipal liability is not warranted.

### C.   42 U.S.C. § 1985.

Plaintiff contends that the City of Chandler "conspir[ed] to misrepresent the duration and scope of the [discrimination] and cover[ed] up the malfeasance of plaintiff's direct

- 5 -

1  supervisor." Dkt. #1 ¶ 17. The complaint invokes 42 U.S.C. § 1985, which prohibits two
2  or more persons from conspiring to deprive another of a protected right. *See Sever v. Alaska*
3  *Pulp Corp.*, 978 F.2d 1529, 1536 (9th Cir. 1992). A violation of 42 U.S.C. § 1985 must be
4  predicated on the deprivation of a constitutional right. Plaintiff has presented no evidence
5  of such a deprivation. Moreover, the Court's dismissal of Plaintiff's § 1983 claim is fatal to
6  his § 1985 claim. *See, e.g., Caldeira v. County of Kauai*, 866 F.2d 1175, 1168 (9th Cir.
7  1989) ("[T]he absence of a section 1983 deprivation of rights precludes a section 1985
8  conspiracy claim predicated on the same allegations."), *cert. denied*, 493 U.S. 817 (1989).
9  As a result, the Court will grant summary judgment on this claim.

**IT IS ORDERED:**

1. Defendants' motion for summary judgment (Dkt. #62) is **granted**.
2. Defendants' motion for summary disposition (Dkt. #64) is **denied** as moot.
3. The clerk is directed to terminate this action.

DATED this 2nd day of November, 2007.

David G. Campbell
United States District Judge